**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHERRYLL VICARY,

    Plaintiff,

vs.

COLUMBIA MANAGEMENT SERVICES, INC.,

    Defendant.

Case No. 1:08-cv-971

Honorable Paul L. Maloney

---

| | |
|---|---|
| Michael Figliomeni (P36206) | Joseph H. Hickey (P41664) |
| Tyler O. Thompson (P70870) | jhickey@dykema.com |
| McCurdy, Wotila, and Porteous, PC | Daniel J. Martin (P67848) |
| Attorneys for Plaintiff | dmartin@dykema.com |
| 120 West Harris Street | Dykema Gossett PLLC |
| Cadillac, Michigan 49601 | Attorneys for Defendant |
| (231) 775-1391 | 39577 Woodward Avenue, Suite 300 |
| | Bloomfield Hills, Michigan 48304 |
| | (248) 203-0700/(616) 776-7500 |

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Plaintiff's Complaint claims that Defendant Columbia Management Services, Inc. ("CMS") is liable to Plaintiff for a portion of the proceeds of two retirement plan agreements that Plaintiff's now-deceased ex-husband, David B. Vicary, entered into with CMS (the "Plans"). Under the Plans, David B. Vicary was the Plan Participant and the Plan Administrator. CMS managed the investment of funds put into the Plans. Plaintiff alleges that, pursuant to two Qualified Domestic Relations Orders ("QDROs"), she was entitled to 50% of the proceeds of the Plans. Plaintiff further alleges that in August 2005 she sought a distribution of her share of the proceeds of the Plans (pursuant to the QDROs), that CMS failed to distribute such proceeds to

her as requested, and that CMS instead distributed her share of the proceeds of the Plans to the Estate of Mr. Vicary (the "Estate").

Because Plaintiff's distribution request was deficient (among other things, it did not include a Medallion Guaranteed signature or the Participant's vested percentage of employer contributions), CMS denied the request. CMS promptly notifying David B. Vicary of the deficiencies in Plaintiff's request. It was David B. Vicary, as the Plan Participant and the Plan Administrator, who was authorized and obligated to ensure that Plaintiff's deficient distribution request was properly handled. (*See* proposed Third-Party Complaint, attached to Motion as Exhibit A, at ¶¶ 9, 11-13). David B. Vicary failed to fulfill his obligation to correct the deficiencies and his obligations to notify Plaintiff of the rejection of her requested distribution, of the deficiencies in her request, or of her right to cure the deficiencies.

David B. Vicary died on October 25, 2006. Upon information and belief, his Estate failed to fulfill its obligations, as successor to David B. Vicary's rights and obligations as Plan Participant and Plan Administrator, to cure the deficiencies or to notify Plaintiff of the rejection of her requested distribution, of the deficiencies in the request, or of her right to cure the deficiencies. The Estate later directed CMS to distribute the full amount of the proceeds of the Plans to the Estate. CMS followed the Estate's instructions and distributed the proceeds to the Estate.

At all times relevant to the allegations in the Complaint, CMS relied upon and acted in accordance with the representations and conduct of David B. Vicary and his Estate, as the Plan Participant and Plan Administrator, in servicing the Plans. Based on the special relationship between CMS and the Estate, and based on the Estate's course of conduct, the Estate impliedly assured indemnification of CMS for the Estate's failure to fulfill its obligations. CMS seeks

leave to file a third-party complaint in order to assert a claim for indemnity against the Estate because CMS' liability, if any, will be a result of the Estate's failure to fulfill its obligations. CMS also seeks to assert a claim for breach of contract against the Estate based on the Estate's failure to perform its obligations under the Plans and the resulting harm caused to CMS.[1]

The Court entered a Case Management Order on November 24, 2008. (Dkt. # 13). That Order stated that the parties had until December 31, 3008 to file motions to join parties or amend pleadings. (*Id*.) On December 29, 2008, the Court entered a stipulated order extending the deadline for filing motions to join parties or amend pleadings until January 16, 2009. (Dkt. # 21). This brief accompanies CMS' January 16, 2009 Motion for Leave to File a Third-Party Complaint. Plaintiff does not oppose CMS' Motion.

Because CMS is entitled to indemnity from the Estate, because CMS' Motion is timely, and because the Plaintiff does not oppose the Motion, the Court should grant CMS leave to file the third-party complaint that is attached as Exhibit A to the Motion.

## **LAW AND ARGUMENT**

**I.    Under FED. R. CIV. P. 14, The Court Should Grant CMS Leave To Assert A Third-Party Complaint Against The Estate.**

CMS' Motion for Leave to File a Third-Party Complaint is filed contemporaneously with this brief on January 16, 2009. Under this Court's November 24, 2008 and December 29, 2008 Orders, (Dkt. ## 13 and 21) CMS' motion is timely filed. Under FED. R. CIV. P. 14(a)(1) ("Rule

---

[1] CMS has made a diligent and good faith effort to locate the documents and information related to the relationship between CMS and the Estate and to the Estate's handling of Plaintiff's distribution request. Despite these best efforts, CMS has yet to obtain certain documents and information and therefore relies upon the information known at this time. CMS reserves its right to add other parties to this action if CMS discovers information supporting claims against such parties. The information known at this time indicates that CMS may have claims against Dynamic Machining, Inc. and/or William Vicary.

3

14(a)(1)"), a defendant can assert a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against [the defendant]." The decision of whether to grant leave to file a third-party complaint rests within the sound discretion of the Court. *Aetna Casualty & Surety Co., v. Dow Chemical Co.*, 933 F. Supp. 675, 687 (E.D. Mich. 1996). However, "[a]s long as a third-party complaint falls within the general contours limned by Rule 14(a), does not contravene customary jurisdiction and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Marseilles Hydro Power, L.L.C. v. Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002); *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 395 (1st Cir. 1999).

> Third party practice fosters efficient litigation by packaging the underlying claim or liability and any indemnification or contribution claims in a single case. This inclusive packaging spares the judicial system and at least some of the parties the waste and expense of multiple suits.

*See* Moore's Federal Practice, §13.03[1]. In order to promote this purpose, courts have held that Rule 14(a) should be "liberally construed." *Aetna Casualty & Surety Co.*, 933 F. Supp. at 687. Applying these standards, the Court should grant leave for CMS to file a third-party complaint against the Estate.

First, the Estate is or may be liable to CMS for all or part of any judgment awarded to Plaintiff against CMS. Under Michigan law, indemnification is available where there is a special relationship between two persons or a course of conduct whereby one person undertakes certain obligations and impliedly assures indemnification if he or she fails to fulfill those obligations and that failure results in the other's liability for damages to a third party. *See Dale v. Whiteman,* 388 Mich. 698, 202 N.W.2d 797 (1972); *Isabella County v. Michigan,* 181 Mich. App. 99, 449 N.W.2d 111 (1989); *Grayson v. Chambersburg Eng'g Co*, 139 Mich. App. 456, 362 N.W.2d 751 (1984); *Skinner v. D-M-E-Corp*, 124 Mich. App. 580, 335 N.W.2d 90 (1983); *Cutter v. Massey-*

4

*Ferguson, Inc*, 114 Mich. App. 28, 318 N.W.2d 554 (1982); *Langley v. Harris Corp,* 413 Mich. 592, 321 N.W.2d 662 (1982). The Estate's representations and conduct, which CMS relied upon in servicing the Plans, impliedly created an agreement to indemnify CMS with respect to liability that CMS might face based on its reliance. Moreover, as the Plan Participant and Plan Administrator, the Estate had special relationship with CMS whereby the Estate undertook the responsibility to properly manage fund distributions and to properly direct CMS with regard to the same. As part of that relationship, CMS impliedly agreed to indemnify CMS for any liability CMS incurred as a result of the Estate's failure to fulfill its responsibility. If Plaintiff obtains a judgment against CMS, CMS will be therefore be entitled to indemnification from the Estate in the amount of such judgment because CMS' liability will be a result of its reliance on the representations and conduct of the Estate and the Estate's failure to fulfill its responsibilities as Plan Participant and Plan Administrator.

Second, CMS' request for leave to file a third-party complaint does not pose any risk of prejudice. Plaintiff does not oppose the Motion and the Estate will not be prejudiced. Courts have found a lack of prejudice to a third-party defendant where the third-party complaint was not filed for months after the time for filing such motions had elapsed. *See Marseilles Hydro Power, L.L.C.*, 299 F.2d 643 (third-party complaint filed five months after the start of the case did not prejudice the third-party defendant). Here, the Estate is not prejudiced because this case has just begun and the Motion is filed within the time permitted by the Court's own orders. Indeed, CMS' reason for bringing a third-party complaint against the Estate is to avoid having to file a subsequent action against the Estate and in that action relitigating the same issues that will be addressed in the present case. Moreover, CMS' Third-Party Complaint will not introduce

5

complex issues into the case. CMS' Third-Party Complaint revolves solely around CMS' basic right to seek indemnification from the Estate.

By permitting CMS to join the Estate as a Third-Party Defendant the Court upholds the efficiency that Rule 14 was designed to promote. Accordingly, CMS respectfully requests that the Court grant CMS' Motion.

**II. Under FED. R. CIV. P. 18, CMS' Third-Party Complaint May Include A Claim For Breach Of Contract.**

FED. R. CIV. P. 18 ("Rule 18") provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

Consequently, if the Court grants CMS' Motion and permits CMS to file a third-party claim of indemnity against the Estate under Rule 14, Rule 18 permits CMS to assert all of its claims against the Estate. Based on the information CMS has learned through its diligent efforts to this point, CMS has determined that, in addition to a claim for indemnity, CMS has a claim for breach of contract against the Estate. CMS reserves the right to add other claims. (See p 3, n 1, *supra*).

Respectfully submitted,

Date: January 16, 2009

By: */s/ Daniel J. Martin*
Joseph H. Hickey (P41664)
jhickey@dykema.com
Daniel J. Martin (P67848)
dmartin@dykema.com
Dykema Gossett PLLC
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0700/(616)776-7500